NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAFETRA, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>KONE ELEVATOR, et al.,<br><br>　　　　　　　　Defendants. | Hon. William J. Martini<br>Civil Action No. 09-3285 (WJM)<br><br>REPORT AND RECOMMENDATION |

**FALK, U.S.M.J.**

Before the Court is Plaintiffs Kathleen and Stephen LaFetra's motion to remand this case to state court [CM/ECF Docket No. 9]. Defendants oppose the motion. Pursuant to Fed. R. Civ. P. 78, the Court did not hear oral argument. For the reasons that follow, it is respectfully recommended that Plaintiffs' motion to remand be **granted**.

### BACKGROUND

Plaintiffs brought suit in the Superior Court of New Jersey against "Kone Elevator," "International Elevator," and "John Does 1-100" for the negligent maintenance of an elevator at Saint Barnabas Hospital in Livingston, New Jersey on April 30, 2009.[1] (Compl. 1-2.) Plaintiffs claim Defendants' negligence caused Kathleen LaFetra to fall when exiting an elevator at the hospital resulting in "severe personal injuries . . . extreme pain and suffering, disability and impairment . . . medical bills, time lost from work . . . mental anguish and [other] permanent injuries." Id. at 1-2.

---

[1] Defendant Kone, Inc. has certified that Plaintiffs have improperly identified the company as "Kone Elevator." (Answer 1.)

On July 2, 2009, Defendant Kone, Inc. filed a Notice of Removal with this Court. Kone claimed that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Notice of Removal ¶ 10.)

Plaintiffs now seek to remand the action. They argue that there is no diversity between Plaintiffs, who are residents of New Jersey, and Defendant International Elevator.[2] (Pl's Reply 8.) According to a Business Status Entity Report issued by the New Jersey State Business Gateway Service, International Elevator Co., Inc. is a New Jersey corporation with its principal place of business in High Bridge, NJ. (Ex. A to Pl's Reply.)

Defendant Kone opposes Plaintiffs' motion. Kone states that there is complete diversity of citizenship between Plaintiffs and Kone, which it contends is the only proper defendant in the action. (Def's Br. 2-3.) Kone argues that International Elevator Company's ("IEC") citizenship is immaterial because Kone had purchased IEC's assets and its elevator maintenance contracts prior to the incident that gave rise to this suit. Id. at 3.

## DISCUSSION

**A.    Legal Standard**

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks

---

[2] Plaintiffs filed their motion to remand on March 1, 2010. In that brief, Plaintiffs argued that the Court lacks diversity jurisdiction because "Kone and International Elevator do business in the State of New Jersey on a regular basis and have offices in High Bridge, New Jersey . . . ." (Pl's Mem. 3.) Additionally, they claimed the amount in controversy was less than the required $75,000 for federal diversity jurisdiction based on statements by defense counsel expressing his opinion on the value of the case. Id. at 3. However, Plaintiffs apparently are seeking damages far in excess of the jurisdictional minimum. (Def's Br. 6.)

Due to certain unanswered questions in the briefs, this Court requested that Plaintiffs submit a reply brief to clarify the jurisdictional facts.

subject matter jurisdiction." Id. The party removing the action bears the burden of establishing federal jurisdiction. Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). In this circuit, removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

The removing party, Kone, alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). To establish diversity jurisdiction, a party must show that each plaintiff is completely diverse from each defendant and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship of the plaintiff and defendant determines whether the parties are diverse. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). If any plaintiff is a citizen of a state where any defendant is also a citizen then the parties are not diverse. Id.

A corporation is a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

**B.      Analysis**

    **1.      Diversity Between Plaintiffs and International Elevator Co., Inc.**

Plaintiffs, two New Jersey citizens, have brought suit against three Defendants: Kone, Inc.,[3] IEC, and John Does.[4] Plaintiffs allege that IEC is a New Jersey corporation with its principal place

---

[3] Kone is a Delaware corporation with its principal place of business in Illinois. (Aff. of Christine Harper ¶ 2.)

[4] The presence of fictitiously named defendants may defeat diversity. See Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537, 539-40 (1939)). The Third Circuit has established a two-part test to determine whether a Doe defendant may destroy diversity. See id. at 29. First, a court must ask if, "on the face of

of business in High Bridge, NJ, thus making IEC a citizen of New Jersey and destroying diversity in this matter.

Kone asserts that Defendant IEC is not a proper party to this action thereby making IEC's citizenship a non-factor for the purposes of determining diversity. (Def's Br. 3.) Kone suggests that the Court should not consider IEC's citizenship because Kone supposedly purchased the contract to maintain the elevators at St. Barnabas Hospital a few months before the alleged accident occurred. (Def's Br. 3.) Therefore, according to Kone, IEC did not have any continuing obligation to maintain the elevators after Kone acquired the contracts. (Def's Br. 4.)

While Kone asserts that IEC is not liable for Kathleen LaFetra's injuries, Plaintiff LaFetra disagrees. She claims IEC and Kone are jointly responsible for her injuries. She asserts that IEC actually maintained the elevators some months prior to the incident and thus is liable. (LaFetra Cert. ¶ 3; Compl. 2.) She further states that she personally knew that IEC had an office at St. Barnabas Hospital and actually maintained the elevator upon which she fell. Id. ¶ 2.

In determining whether a plaintiff has properly named a defendant in a suit, a Court is to focus on the Plaintiff's complaint and assume as true all factual allegations in it. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Plaintiff alleges that employees of IEC were responsible for the maintenance of the elevator in question. (Cert. of LaFetra ¶ 2, CM/ECF Docket

---

the complaint, there are sufficient allegations concerning their identity and conduct to justify consideration of their citizenship." Id. Then, if such allegations are present in the Complaint, a court is to perform an inquiry as to whether the Does are proper defendants. Id.

Since this Court lacks subject matter jurisdiction over this case due to a lack of diversity of citizenship between Plaintiffs and IEC, it need not consider whether the presence of the fictitiously named defendants defeats diversity.

4

Entry No. 12-2). Plaintiffs note that Kone's purchase of IEC occurred shortly before the accident. They have brought claims against IEC for maintenance performed on the elevator by IEC employees which may have contributed to the alleged accident. (Pl's Reply 3.) Defendant Kone's assertion that IEC is not responsible for the alleged incident is mere conjecture regarding the merits of the claims. Even if Kone purports to accept responsibility for any liability that may exist, Plaintiffs' need not, and have not, agreed to that outcome. This is understandable given the case has just begun and Plaintiffs have not had any discovery as to the facts or as to the ownership of the defendants and any available insurance coverage.

Defendant Kone has not established that International Elevator Co., Inc. is not a proper party to this action. See Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (stating that Defendants bear the burden of proving that the Court has subject matter jurisdiction over the case) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). Accordingly, this Court must consider IEC's citizenship when determining whether there is subject matter jurisdiction. Since both Plaintiffs and International Elevator are a citizens of the state of New Jersey, there is no complete diversity amongst the parties. 28 U.S.C. 1447(c) requires that the case be remanded to state court due to the lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, it is respectfully recommended that Plaintiff's motion to remand be **granted** and the case be remanded to the Superior Court of New Jersey.

    /s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**